**No. 57171.**—E. M. Grajew Wool Company, Inc. *v.* United States, protest 190848–K (New York).

Opinion by JOHNSON, J. From an examination of the papers in the case the court was unable to find anything to overcome the presumption of correctness of the collector's classification. The protest was therefore overruled.

**No. 57172.**—Alcoa Mining Co. *v.* United States, protest 191250–K (New York).

Opinion by JOHNSON, J. From an examination of the papers in the case the court was unable to find anything to overcome the presumption of correctness of the collector's classification. The protest was therefore overruled.

BEFORE THE FIRST DIVISION, MARCH 19, 1953

**No. 57173.**—Brenner Bros. *v.* United States, protests 590746–G, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra.*

**No. 57174.**—Berg Fur Co. *v.* United States, protests 841228–G, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra.*

**No. 57175.**—Silberstein-Neulander Corp. et al. *v.* United States, protests 847836–G, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung*

*Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra.*

**No. 57176.**—Jos. Rotberg & Co., Inc. *v.* United States, protests 912037–G, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra.*

**No. 57177.**—Curtig Co. *v.* United States, protests 180729–K and 182516–K (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of spark wheels the same in all material respects as those the subject of *Waterbury Lock & Specialty Co.* v. *United States* (17 Cust. Ct. 87, C. D. 1025), the claim of the plaintiff was sustained.

**No. 57178.**—Esso Standard Oil Co. *v.* United States, protest 176911–K (Charleston).

MOLLISON, Judge: The protest in this case is directed against the assessment of tax or duty at the rate of ½ cent per gallon under section 3422 of the Internal Revenue Code (26 U. S. C. §3422) upon certain crude petroleum entered at the port of Charleston, S. C., on June 6, 1951. The protest claim is for duty at the rate of ¼ cent per gallon under the said section of the Internal Revenue Code, as modified by the trade agreement with Venezuela, T. D. 50015, and the General Agreement on Tariffs and Trade, T. D. 51802.

Sections 3420 and 3422 of the Internal Revenue Code, *supra,* impose a tax or duty at the rate of ½ cent per gallon on "crude petroleum." On November 6, 1939, there was concluded between the United States and Venezuela a trade agreement, the rates of tax or duty set forth in which became effective on and after December 16, 1939, by virtue of a proclamation of the President of the United States reported in T. D. 50015. By the terms thereof, the rate of tax or duty upon crude petroleum, among other things, was reduced to ¼ cent per gallon, with the following proviso:

*Provided,* That such petroleum and fuel oil entered, or withdrawn from warehouse, for consumption in any calendar year in excess of 5 per centum of the total quantity of crude petroleum processed in refineries in continental United States during the preceding calendar year, as ascertained by the Secretary